IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR LEE WHITFIELD,<br>AIS# 158061 | ) <br> ) <br> ) |
| Petitioner, | ) <br> ) |
| VS. | ) CIVIL ACTION NO.<br> ) 1:07-CV-00039-WHA <br> ) |
| BILLY MITCHEM, et al., | ) <br> ) |
| Respondents. | ) |

## RESPONDENTS' ANSWER TO COURT'S
## ORDER TO SHOW CAUSE

Come now Respondents, by and through the Attorney General of the State of

Alabama, and file their response to this Court's Order to Show Cause dated

January 12, 2007, giving the Respondents until February 1, 2007 to file a response

to the Petition for Writ of Habeas Corpus filed by the Petitioner, Arthur Lee

Whitfield.  In response, Respondents file the following answer, memorandum

brief, and exhibits.

## PROCEDURAL HISTORY

1.      Whitfield was convicted of unlawful distribution of a controlled substance as charged in the indictment and was sentenced to 25 years' imprisonment. State's Exhibit A, p. 1. Whitfield's appointed appellate counsel filed a "no merit" brief in substantial compliance with <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that, after a diligent search of the record, he had determined that there were no meritorious issues preserved for appeal. Id. Whitfield filed a pro se brief raising issues he argued should be addressed on appeal, including that his indictment failed to allege that he knowingly distributed drugs, that he was denied a hearing on his motion to dismiss the indictment, that the trial court committed reversible error by failing to inform him that he could withdraw his waiver of counsel at any stage in the proceedings, and that the trial court committed reversible error when it instructed the jury that Whitfield had chosen not to testify. Id. at pp. 1-2. The Alabama Court of Criminal Appeals issued an unpublished memorandum on April 22, 2005, affirming Whitfield's conviction, and issued its certificate of judgment on May 11, 2005. State's Exhibits A and B.

2.      Whitfield filed his first Rule 32 petition on May 5, 2005, arguing that the trial court was without jurisdiction to render judgment because he did not knowingly and intelligently waive his right to counsel. State's Exhibit C, p. 2. The

2

Court of Criminal Appeals affirmed the summary denial of this petition in an unpublished memorandum issued on October 21, 2005, finding that his claim that he was denied his right to counsel was precluded under Rule 32.2(a)(4) of the Alabama Rules of Criminal Procedure because it was raised and addressed on direct appeal. Id. at pp. 1-4. The Court of Criminal Appeals overruled Whitfield's application for rehearing on November 18, 2005, and issued its certificate of judgment on December 7, 2005. State's Exhibits D and E.

Whitfield filed a second Rule 32 petition on November 22, 2005. State's Exhibit F, at p. 1. The Court of Criminal Appeals, however, finding that the trial court had denied Whitfield's request to proceed in forma pauperis and that Whitfield had not paid the filing fee, dismissed Whitfield's appeal of the denial of the petition on April 14, 2006 and issued its certificate of judgment on May 3, 2006. Id. at pp. 2-3; State's Exhibit G.

Whitfield filed his third Rule 32 petition on March 27, 2006, arguing that the trial court was without jurisdiction because the record failed to establish that he knowingly and intelligently waived his right to counsel. State's Exhibit H, pp. 1-2. The Court of Criminal Appeals affirmed the trial court's summary dismissal of this petition on September 22, 2006, holding that this issue was precluded under Rules 32.2(a)(3) and (4) of the Alabama Rules of Criminal Procedure because it could have been, but was not, raised at trial and because it was raised and addressed on

3

direct appeal. State's Exhibit H, p. 2. That court overruled Whitfield's application for rehearing on October 13, 2006, and the Alabama Supreme Court denied Whitfield's petition for writ of certiorari and issued its certificate of judgment on December 8, 2006. State's Exhibits I and J.

## WHITFIELD'S FEDERAL HABEAS CLAIMS

3. On January 11, 2007, Whitfield filed a writ of habeas corpus petition, raising the claim that the trial court allowed Whitfield to proceed pro se without ascertaining on the record that he knowingly and voluntarily waived his right to counsel. Petition, p. 5.

4. On January 12, 2007, this Court entered an order requiring Respondents to show cause why Whitfield's habeas corpus petition should not be granted, giving the Respondents 20 days from the date of service on the Attorney General in which to respond.

## ANSWER TO THE PETITION

5. Whitfield's federal habeas corpus petition is timely under the one-year statute of limitation provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

4

6. Whitfield's federal habeas corpus petition is due to be denied because his claim has been procedurally defaulted.

7. Respondents deny Whitfield is in custody in violation of the laws or constitution of the United States. Whitfield's convictions and sentences were validly and constitutionally obtained.

## MEMORANDUM BRIEF IN SUPPORT OF ANSWER

8. Whitfield's claim that the trial court allowed him to proceed pro se without ascertaining on the record that he knowingly and voluntarily waived his right to counsel has been procedurally defaulted. Petition, p. 5. Before a habeas petitioner can seek federal review, he must exhaust his state court remedies. Title 28 U.S.C. §2254(b); Walker v. Zant, 693 F.2d 1087 (11th Cir. 1982). If the time to take advantage of such state court remedies has expired, however, the failure to exhaust such remedies becomes "a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." Smith v. Jones, 256 F. 3d 1135, 1138 (11th Cir. 2001).

Whitfield initially raised his claim that the trial court failed to properly advise him regarding waiver and appointment of counsel in his "pro se issues" on direct appeal after his appellate attorney filed a no-merit brief pursuant to Anders

v. California, 386 U.S. 738 (1967).  State's Exhibit A.  The Court of Criminal

Appeals denied this claim, holding that Whitfield failed to raise it before the trial

court and that the record reflected that his waiver of counsel was voluntary.  Id. at

p. 2.  Whitfield failed to raise the issue in a petition for writ of certiorari before the

Alabama Supreme Court.  While he continued to raise this issue in Rule 32

petitions, the Court of Criminal Appeals continuously and properly held that the

issue was precluded because it had been raised and addressed on direct appeal.

State's Exhibit C, p. 3; State's Exhibit F.  Whitfield's failure to timely raise the

issue in a petition for writ of certiorari before the Alabama Supreme Court

constituted a waiver of the issue.  Because Whitfield failed to timely take

advantage of his state court remedies, they have been procedurally defaulted.  See

Sims v. Singletary, 155 F.3d 1297, 1311 (11th Cir. 1998)("A federal court must

dismiss those claims that are procedurally barred under state law.").

## CONCLUSION

Based upon the foregoing authorities and facts, Whitfield's federal habeas corpus petition should be dismissed with prejudice.

Respectfully submitted,

Troy King (KIN047)
Attorney General
By:


s/John M. Porter
John M. Porter (ASB5818-P77J)
Assistant Attorney General

7

# EXHIBITS[1]

Exhibit A   -   Court of Criminal Appeals decision in <u>Whitfield v. State</u>, CR-04-0181 (Ala. Crim. App. Apr. 22, 2005)(unpublished memorandum)

Exhibit B   -   Court of Criminal Appeals's Order issuing the certificate of judgment in CR-04-0181.

Exhibit C   -   Court of Criminal Appeals decision in <u>Whitfield v. State</u>, CR-04-2009 (Ala. Crim. App. Oct. 21, 2005)(unpublished memorandum)

Exhibit D   -   Court of Criminal Appeals's Order overruling Whitfield's application for rehearing in CR-04-2009.

Exhibit E   -   Court of Criminal Appeals's Order issuing the certificate of judgment in CR-04-2009.

Exhibit F   -   Court of Criminal Appeals decision in <u>Whitfield v. State</u>, CR-05-0785 (Ala. Crim. App. Apr. 14, 2006)(unpublished memorandum)

Exhibit G   -   Court of Criminal Appeals's Order issuing the certificate of judgment in CR-05-0785.

Exhibit H   -   Court of Criminal Appeals decision in <u>Whitfield v. State</u>, CR-05-1791 (Ala. Crim. App. Sep. 22, 2006)(unpublished memorandum)

---

[1] The State has included only those exhibits it deems necessary for the determination of whether Whitfield's claim has been procedurally defaulted. Should this Court desire, transcripts, briefs, petitions, and orders of Whitfield's direct appeal and Rule 32 proceedings are available.

Exhibit I   -   Court of Criminal Appeals's Order overruling Whitfield's
                application for rehearing in CR-05-1791.


Exhibit J   -   Supreme Court of Alabama order in Case No. 1060159 denying
                petition for writ of certiorari and issuing certificate of judgment.

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>1st</u> day of February, 2007, I electronically filed the foregoing (including exhibits) with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document (including all exhibits) to the following non-CM/ECF participants:

<u>Arthur Lee Whitfield, Limestone Correctional Facility, 28779 Nick Davis Rd., Harvest, AL 35749.</u>

Respectfully submitted,

s/John M. Porter
John M. Porter(ASB5818-P77J)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334)  242-7300
Fax:  (334)  242-2848
E-Mail:  JPorter@ago.state.al.us

227822

*PORTER*
*72759*

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama

Judicial Building, 300 Dexter Avenue

**P. O. Box 301555**

**Montgomery, AL 36130-1555**



RELEASED

APR 22 2005

CLERK
ALA COURT CRIMINAL APPEALS

**H.W."BUCKY" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges

**Lane W. Mann**
Clerk
**Sonja McKnight**
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-0181                    Houston Circuit Court CC-00-254

<u>Aurther Lee Whitfield v. State</u>

McMILLAN, Presiding Judge.

The appellant, Aurther Lee Whitfield, was found guilty of one count of unlawful distribution of a controlled substance. The trial court sentenced him to 25 years' imprisonment and ordered him to pay a $5,000 fine, a $750 crime victims assessment, a $2,000 demand reduction assessment, and court costs.

The appellant's appointed counsel has filed a brief in substantial compliance with <u>Anders v. California</u>, 386 U.S. 738 (1967), in which he states that after diligent and careful scrutiny, he believes the record is free of reversible error. The appellant has submitted the following claims for this

1



EXHIBIT

A

court to consider on appeal: (1) The indictment was fatally defective because it did not include an allegation that he "knowingly" distributed a controlled substance; (2) the trial court erred in refusing two pretrial motions to dismiss, which were based upon the claim of void indictment; (3) the trial court committed reversible error by failing to inform him that he could withdraw his waiver of right to counsel and request the appointment of an attorney at any stage of the proceedings; and (4) the trial court committed "plain error" by instructing the jury that he chose not to testify when he did not request such an instruction.

The appellant has failed to state a ground for reversal on appeal. An indictment that charges unlawful distribution of a controlled substance is not void because it omits the term "knowingly." Hightower v. State, 592 So. 2d 658 (Ala. Crim. App. 1991). The trial court therefore properly denied the appellant's motions to dismiss on this ground. Whitfield's claim of failure to properly advise him regarding waiver and appointment of counsel cannot be considered because he raised it for the first time on appeal and the record clearly reflects that his waiver of the right to counsel was voluntary. Coughlin v. State, 842 So. 2d 30 (Ala. Crim. App. 2002). His claim of improper jury instruction cannot be considered because he did not raise it before the jury retired to consider its verdict, as required by Rule 21.3, Ala. R. Crim. P.

A review of the record reveals no other issue which warrants review on appeal. The judgment of the trial court therefore is affirmed.

AFFIRMED.

Cobb, Shaw, and Wise, JJ., concur. Baschab, J., dissents, without opinion.

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-04-0181**

Aurther Lee Whitfield v. State of Alabama  (Appeal from Houston  Circuit Court: CC00-254)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on April 22nd 2005:

### Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

**Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 11th day of May, 2005.**

**Clerk
Court of Criminal Appeals
State of Alabama**

cc: Hon. Jerry White, Special TC Judge
   Hon. Judy Byrd, Circuit Clerk
   Thomas H. Claunch, III, Attorney
   Arthur Lee Whitfield, Pro Se
   Office of Attorney General

**EXHIBIT**

B

*Porter 83041*

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**



RELEASED

OCT 21 2005

CLERK
ALA COURT CRIMINAL APPEALS

| | |
|---|---|
| **H.W."BUCKY" McMILLAN**<br>**Presiding Judge**<br>**SUE BELL COBB**<br>**PAMELA W. BASCHAB**<br>**GREG SHAW**<br>**A. KELLI WISE**<br>**Judges** | **Lane W. Mann**<br>**Clerk**<br>**Sonja McKnight**<br>**Assistant Clerk**<br>**(334) 242-4590**<br>**Fax (334) 242-4689** |

## MEMORANDUM

CR-04-2009                    Houston Circuit Court CC-00-254.60

### Aurther Lee Whitfield v. State of Alabama

SHAW, Judge.

Aurther Lee Whitfield appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his August 2004 conviction for unlawful distribution of a controlled substance, cocaine, and his resulting sentence of 25 years' imprisonment. This Court affirmed Whitfield's conviction and sentence on appeal in an unpublished memorandum issued on April 22, 2005. See <u>Whitfield v. State</u>, (No. CR-04-0181) ___ So. 2d ___ (Ala. Crim. App. 2005) (table). This Court issued a certificate of judgment on May 11, 2005.

**EXHIBIT**

C

Whitfield mailed his Rule 32 petition on May 5, 2005.[1] In his petition, Whitfield alleged that the trial court lacked jurisdiction to render the judgment or to impose the sentence because, he said, he did not knowingly or intelligently waive his right to counsel.  Specifically, Whitfield contended that his waiver was not knowingly and intelligently made because "the trial court fail[ed] to inform [him] that he could withdraw his waiver and counsel [could] be appointed or retained at any stage of the proceedings." (C. 13.)  After receiving a response from the State, the circuit court summarily denied the petition on June 15, 2005.

I.

Initially, we note that the State contends that this case should be remanded to the circuit court for that court to determine if Whitfield either paid the filing fee or had been granted indigency status because "[a] circuit court does not obtain subject matter jurisdiction of a Rule 32 petition until either a filing fee has been paid or a request to proceed in forma pauperis has been granted." Hyde v. State, 894 So. 2d 808, 809 (Ala. Crim. App. 2004).  Our review of the record reveals that Whitfield's petition was accompanied by an in forma pauperis declaration to proceed without the prepayment of the filing fee.  The case action summary contains the following notations:

> "5/10/05  Petition for relief from conviction or sentence.  In forma pauperis declaration.

> "May 23, 2005  Deft. allowed to file petition for Rule 32 relief.  Clerk to provide DA with copy of petition."

---

[1]Although Whitfield mailed his Rule 32 petition on May 5, 2005, which was prior to the date that the certificate of judgment was issued in his direct appeal, the circuit court did not rule on his Rule 32 petition until June 15, 2005. Thus, it is clear that the circuit court had jurisdiction to rule on Whitfield's Rule 32 petition because its summary denial of the petition did not occur until after the certificate of judgment was issued on May 11, 2005.

(C. 1.)  On August 30, 2005, this Court remanded this case by order to the circuit court for that court to make specific, written findings as to whether it had granted Whitfield's request to proceed in forma pauperis or whether Whitfield had paid the filing fee before the circuit court ruled on the Rule 32 petition.  On September 27, 2005, the circuit court notified this Court that it had allowed Whitfield to proceed in forma pauperis.  Thus, the circuit court had jurisdiction to rule on Whitfield's Rule 32 petition.

II.

Whitfield contended in his petition that the trial court lacked jurisdiction to render the judgment or to impose the sentence because, he said, he did not knowingly or intelligently waive his right to counsel.  Specifically, Whitfield contended that his waiver was not knowingly and intelligently made because "the trial court fail[ed] to inform [him] that he could withdraw his waiver and counsel [could] be appointed or retained at any stage of the proceedings."  (C. 13.)

Whitfield raised this issue on direct appeal, and in our unpublished memorandum affirming his conviction and sentence, this Court stated:

> "Whitfield's claim of failure to properly advise him regarding waiver and appointment of counsel cannot be considered because he raised it for the first time on appeal and the record clearly reflects that his waiver of the right to counsel was voluntary. Coughlin v. State, 842 So. 2d 30 (Ala. Crim. App. 2002)."

Thus, this claim is precluded by Rule 32.2(a)(4), Ala.R.Crim.P., because it was raised and addressed on direct appeal.

Based on the foregoing, the circuit court's summary denial of Whitfield's Rule 32 petition was proper under Rule 32.7(d),

3

Ala.R.Crim.P., and its judgment is affirmed.[2]

Affirmed by memorandum.

McMillan, P.J., and Cobb, and Wise, JJ., concur. Baschab, J., concurs in the result.

---

[2]See <u>Long v. State</u>, 675 So. 2d 532, 533 (Ala. Crim. App. 1996)(where the judgment of the circuit court denying a petition for postconviction relief is correct for any reason, it will be affirmed by this Court).

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

*Porter 83341*

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

November 18, 2005

**CR-04-2009**

Aurther Lee Whitfield v. State of Alabama  (Appeal from Houston  Circuit Court: CC00-254.60)

## <u>NOTICE</u>

You are hereby notified that on November 18, 2005 the following action was taken in the above referenced cause by the Court of Criminal Appeals:

Application for Rehearing Overruled.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

**cc:** Hon. Judy Byrd, Circuit Clerk
Arthur Lee Whitfield, Pro Se
John M. Porter, Asst. Atty. Gen.



EXHIBIT

D

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-04-2009**

Aurther Lee Whitfield v. State of Alabama  (Appeal from Houston  Circuit Court: CC00-254.60)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on October 21st 2005:

### Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

**Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 7th day of December, 2005.**

**Clerk
Court of Criminal Appeals
State of Alabama**

cc: Hon. Jerry White, Special TC Judge
Hon. Judy Byrd, Circuit Clerk
Arthur Lee Whitfield, Pro Se
John M. Porter, Asst. Atty. Gen.

**EXHIBIT**

*E*

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d),
states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or
briefs and shall not be used by any court within this state, except for the purpose of establishing the application
of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

*Porter*
*90680*

RELEASED

APR 14 2006

CLERK
ALA COURT CRIMINAL APPEALS

**H.W."BUCKY" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-05-0785                  Houston Circuit Court CC-00-254.61

### Arthur Lee Whitfield v. State of Alabama

SHAW, Judge.

Arthur Lee Whitfield appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 2004 conviction for unlawful distribution of a controlled substance, and his resulting sentence of 25 years' imprisonment. This Court affirmed Whitfield's conviction and sentence in an unpublished memorandum issued on April 22, 2005. See Whitfield v. State, (No. CR-04-0181) ___ So. 2d ___ (Ala. Crim. App. 2005) (table). This Court issued a certificate of judgment on May 11, 2005.

Whitfield filed the present petition, his second, on November 22, 2005, raising numerous claims. On December 7,

EXHIBIT

F

2005, the circuit court made the following notation on the case action summary:

> "Defendant not allowed to file petition for Rule 32 relief.  Previous petition filed and ruled upon and no issues are raised in this petition which could not have been presented on previous petition."

(C. 1.)  On request of the State, this Court remanded this case by order dated March 14, 2006, for the circuit court to make specific, written findings as to whether it had granted Whitfield's request to proceed in forma pauperis or whether Whitfield had paid the filing fee before the circuit court issued the above-quoted ruling.  The circuit court complied with our instructions and issued an order on March 21, 2006, stating that it "did not allow defendant to proceed in forma pauperis."  (Record on Return to Remand, C. 2.)  In addition, court records indicate that Whitfield did not pay a filing fee.

It is unclear from the circuit court's notation on the case action summary whether it refused to accept the filing of Whitfield's petition or whether it denied Whitfield's petition on the ground that it was Whitfield's second petition and all of the issues raised could have been raised previously, i.e., that it was barred by Rule 32.2(b).[1]  Regardless of the circuit court's intent, this appeal is due to be dismissed.

If the circuit court refused to accept the petition, then there was no final ruling from which an appeal could be taken.  In <u>Goldsmith v. State</u>, 709 So. 2d 1352 (Ala. Crim. App. 1997), this Court stated:

> "[T]he refusal of the circuit court to accept a petition is not a final judgment and cannot, therefore, support an appeal.
>
> "'"'It seems from the former decisions of this court that, when a cause is

---

[1]We note that on appeal both parties treat the circuit court's order as a summary denial of the petition and not as a refusal to accept the filing of the petition.

dismissed or stricken from the docket
without more, it is not such a final
judgment as will support an appeal."'"

"Wilkerson v. Hagan, 265 Ala. 515, 516, 92 So. 2d
901, 903 (Ala. 1957)(quoting Ex parte Adams, 216
Ala. 241, 242, 113 So. 235, 236 (1927), quoting in
turn Dorrough v. McKee, 264 Ala. 663, 89 So. 2d 77,
80 (Ala. 1956))."

709 So. 2d at 1353.

If, on the other hand, the circuit court denied the
petition on the ground that it was successive, because the
circuit court denied Whitfield's request to proceed in forma
pauperis and Whitfield did not pay the filing fee, the circuit
court lacked jurisdiction to issue a ruling on Whitfield's
petition, and any denial of Whitfield's petition is void.
See, e.g., Hyde v. State, 894 So. 2d 808, 809 (Ala. Crim. App.
2004) ("A circuit court does not obtain subject matter
jurisdiction of a Rule 32 petition until either a filing fee
has been paid or a request to proceed in forma pauperis has
been granted."). "A void judgment will not support an
appeal." Madden v. State, 885 So. 2d 841, 844 (Ala. Crim.
App. 2003).

Based on the foregoing, this appeal is due to be, and is
hereby, dismissed.

Appeal Dismissed by Memorandum.

McMillan, P.J., and Cobb, and Wise, JJ., concur.
Baschab, J., concurs in the result.

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-05-0785**

Aurther Lee Whitfield v. State of Alabama  (Appeal from Houston  Circuit Court: CC00-254.61)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on April 14th 2006:

### Dismissed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

**Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 3rd day of May, 2006.**

**Clerk
Court of Criminal Appeals
State of Alabama**

cc: Hon. Jerry White, Special TC Judge
   Hon. Judy Byrd, Circuit Clerk
   Arthur Lee Whitfield, Pro Se
   John M. Porter, Asst. Atty. Gen.

**EXHIBIT**

G

Rel09/22/2006
Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
### State of Alabama
### Judicial Building, 300 Dexter Avenue
### P. O. Box 301555
### Montgomery, AL 36130-1555

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

### MEMORANDUM

CR-05-1791                    Houston Circuit Court CC-00-254.62

Aurther Lee Whitfield v. State of Alabama

Baschab, Judge.

The appellant was convicted of unlawful distribution of a controlled substance, and the trial court sentenced him to serve a term of twenty-five years in prison. We affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on May 11, 2005. See Whitfield v. State, (CR-04-0181) 926 So. 2d 1082 (Ala. Crim. App. 2005) (table). On March 27, 2006, the appellant filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.

The appellant argues that the trial court did not have jurisdiction to render a judgment and impose a sentence in his



EXHIBIT

H

case.  Specifically, he contends that he did not knowingly, voluntarily, and intelligently waive his right to counsel. Although he couches it in jurisdictional terms, it is actually a nonjurisdictional claim that is precluded because he could have raised it at trial, but did not, and because he raised it, and this court addressed it, on direct appeal.  <u>See</u> Rule 32.2(a)(3) and (4), Ala. R. Crim. P.  Because the appellant's claim was precluded, the circuit court properly summarily dismissed the petition.  <u>See</u> Rule 32.7(d), Ala. R. Crim. P. Accordingly, we affirm the circuit court's judgment.

**AFFIRMED.**

McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.

2

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA



Lane W. Mann
  Clerk
Gerri Robinson
  Assistant Clerk

P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

October 13, 2006

**CR-05-1791**

Aurther Lee Whitfield v. State of Alabama  (Appeal from Houston  Circuit Court:
CC00-254.62)

## NOTICE

You are hereby notified that on October 13, 2006 the following action was taken in the above referenced cause by the Court of Criminal Appeals:

Application for Rehearing Overruled.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

cc: Hon. Judy Byrd, Circuit Clerk
    Arthur Lee Whitfield, Pro Se
    John M. Porter, Asst. Atty. Gen.



EXHIBIT
I

# IN THE SUPREME COURT OF ALABAMA



96860
Porter

December 8, 2006

**1060159**

Ex parte Aurther Lee Whitfield.  PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: Aurther Lee Whitfield v. State of Alabama) (Houston Circuit Court: CC00-254.62; Criminal Appeals : CR-05-1791).

## CERTIFICATE OF JUDGMENT

## Writ Denied

    The above cause having been duly submitted, IT IS CONSIDERED AND ORDERED that the petition for writ of certiorari is denied.

    HARWOOD, J. -  Nabers, C.J., and See, Stuart, and Bolin, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this _8th_ day of _December, 2006_

_Robert G. Esdale, Sr._
**Clerk, Supreme Court of Alabama**



EXHIBIT

J

/bb