IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR LEE WHITFIELD, #158061, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 1:07-CV-39-WHA |
| | ) |
| BILLY MITCHEM, et al., | ) |
| | ) |
| Respondents. | ) |

**ORDER**

The respondents filed an answer in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, in which they contend that the present habeas corpus petition is due to be denied because the claim raised therein is barred from review by this court. Specifically, the respondents argue that Whitfield's assertion that the trial court "permitted petitioner to proceed pro se without ascertaining on the record that petitioner knowingly and intelligently waived counsel" is procedurally defaulted due to Whitfield's failure to present this claim in a petition for writ of certiorari to the Alabama Supreme Court on appeal of his conviction. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990); *Teague

*v. Lane*, 489 U.S. 288 (1989).

A procedural default bars consideration of the merits of a claim unless the petitioner can establish "cause" for the failure to follow the state's procedural rules and show "prejudice" resulting from this failure. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wainwright v. Sykes*, 433 U.S. 72 (1977). However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986). The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496. "To be credible, ... a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. *Schlup*, 513 U.S. at 324; *Bousley v. United States,* 523 U.S. 614, 623-624 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992).").

Accordingly, it is

ORDERED that on or before February 21, 2007 the petitioner may file a response

to the answer filed by the respondents. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. The petitioner is advised that at any time after February 21, 2007 the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is instructed that when responding to the respondents' answer he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that the petitioner is entitled to relief on those grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When the petitioner attacks the respondents' answer by use of affidavits or other documents, the court will, at the proper time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is cautioned that in responding to the respondents' assertion that his claim for relief is procedurally defaulted he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue this claim in state court either at the trial court level, on appeal or in available post-conviction proceedings. The petitioner is advised that the reasons presented must be legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with

specificity. Moreover, if the petitioner asserts that this court should address the procedurally defaulted claim under the fundamental miscarriage of justice exception, the petitioner must show specific reasons for the application of this exception.

Done this 1st day of February, 2007.

/s/ Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE