IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ARTHUR LEE WHITFIELD, #158061,  )
    Petitioner,                  )
Vs.                             ) CASE NO. 1:07-CV-39-TWHA
BILLY MITCHEM, et al.,          )
    Respondents.                 )

## PETITIONER'S RESPONSE TO COURT'S ORDER

Come now Arthur Lee Whitfield, #158061 ("Petitioner"), by and through pro'se, and in the above-entitled cause, and file his response to this Court's Order dated February 1, 2007. In response, Petitioner files the following response.

## PROCEDURAL HISTORY

In February 2000 the Houston County, Alabama Grand Jury returned an indictment, charging Petitioner with Unlawful Distribution of a Controlled Substance, to wit: Cocaine, in violation of Section 13A-12-211, Code of Alabama 1975. Petitioner, thereafter, appeared for arraignment before the Circuit Court with appointed counsel, Hon. John Boyd, Jr. and entered a plea of not guilty by reason of insanity.

On March 18, 2003, defense counsel moved the Circuit Court on Motion to Withdraw. As grounds, defense counsel averred that Petitioner was suffering illness of Hepatitis B and was concerned about the likelihood to be vulnerable to such disease.

On June 5, 2003, Hon. Judge Jerry White issued an order to Psychological Specialties for Forensic Evaluation for an assessment of Petitioner's competency to stand trial and mental state at the time of the offense.

On August 8, 2003, the Forensic Evaluation Report was completed and filed with the circuit court by Doug McKeown, PH.D for Psychological Specialties. The Report stated that "Defendant is unable to provide information about what happens during court proceeding and after it is explained to him he does not respond and only sits with a blank stare." "He does not indicate he knows anything about legal defenses." He also reports tactile and visual hallucinations, and indicates he has two people that are with him all the time including "Houlikff" (sic) and "Shirlikoff" (sic).

On August 26, 2004, the circuit court addressed defense counsel's Motion to Withdraw. Defense counsel informed the Court that Petitioner intends to offer the defense that he didn't have the mental capacity at the time. Defense counsel further informed the Court, "Your Honor, I will say this in regards to this charge. I believe the Defendant will need to see the video--." In response, the Court stated, "you're not the lawyer." Yes Sir. He did request it. At that point, the Court discharged defense counsel.

Upon selection of the jury, the Court asked Petitioner did he want somebody to help him strike up the jury, or can you do

2

it? In response, Petitioner said yes, I would like someone. Thereafter, the Court directed the Circuit Clerk to assist Petitioner in the striking the jury. Proceeding into trial, Petitioner unlearned in trial procedure was unable to present a defense, which resulted in the jury finding Petitioner guilty as charged in the indictment, and a no-merit brief filed on direct appeal.

Petitioner filed his first Rule 32 petition on May 5, 2005, arguing that the trial court was without jurisdiction to render judgment or impose sentence because he did not knowingly and intelligently waived his right to counsel. The Court of Criminal Appeals affirmed the summary denial of this petition in an unpublished memorandum issued on October 21, 2005, finding that this claim was precluded under Rule 32.2(a)(4) of the Alabama Rules of Criminal Procedure because it was raised and addressed on direct appeal.

Petitioner's filed his third Rule 32 petition on March 27, 2006, arguing that the trial court was without jurisdiction or authority because he was denied right to counsel at trial. The Court of Criminal Appeals affirmed the trial court's summary dismissal of this petition on September 22, 2006, holding that this issue was precluded under Rules 32.2(a)(3)and(4) of the Alabama Rules of Criminal Procedure because it could have been, but was not, raised at trial and because it was raised and addressed on direct appeal. That court overruled Petitioner's

3

application for rehearing on October 13, 2006, and the Alabama Supreme Court denied Petitioner's petition for writ of certiorari and issued its certificate of judgment on December 8, 2006, and this petition for writ of habeas corpus follows into this Court.

### MEMORANDUM BRIEF IN SUPPORT OF RESPONSE

The Respondents have filed an answer as directed by this Court, in which they contend that the present habeas corpus petition is due to be denied because the claim raised therein is barred from review by this Court. Specifically, the Respondents argue that Whitfield's claim that the trial court allowed him to proceed pro'se without ascertaining on the record that he knowingly and voluntarily waived his right to counsel has been procedurally defaulted. The Respondents' further argued that before a habeas petitioner can seek federal review, he must exhaust his state court remedies.

On response, contrary to both Respondents contention and argument, Petitioner claimed in his Rule 32 petition in state court that he was denied his Sixth Amendment right to counsel at trial. Specifically, Petitioner argued that upon denial of counsel, the trial court permitted Petitioner to represent himself without ascertaining that he was proceeding knowingly, intelligently and voluntarily, and that he could request for counsel at any stage of the trial. On this claim Petitioner has exhausted his available state court remedies, and his claim is not procedurally defaulted which will bar federal habeas relief.

4

A writ of error coram nobis (Rule 32) brings a judgment before the original trial court for correction because of an error of fact not evident from the face of the record that would have prevented the judgment and, unless the error of fact was unknown to the court and to the convicted party at the time of trial, the writ would not lie. **_Hightower v. State_**, *410 So.2d 442 (Ala.Cr.App.1981).* Failure to petition for certiorari review on direct appeal does not procedurally bar postconviction by Rule 32, A.R.Cr.P. *id* Petitioner's second petition for postconviction relief was timely, where Petitioner did not file direct appeal and certiorari review on claim of denial of counsel, where petition was filed within one year after time for filing appeal lapsed. See, **_Hall v. State_**, *676 So.2d 954 (Ala.Cr.App.1995).* In this cause, where postconviction petition was available to Whitfield on denial of counsel, he timely took advantage of his available state court remedies. **_Sims v. Singletary_**, *155 F.3d 1297, 1311 (11th Cir.1998).* Therefore, Petitioner's denial of counsel claim is not procedurally barred under state law, especially where he sought certiorari review to Alabama Supreme Court on his postconviction petition.

In case at bar, Petitioner being denied counsel at trial, and compelled to self-representation without legal knowledge of constitutional law or criminal procedure, with an insanity plea, the error of fact of denial of counsel was unknown to Petitioner, and in reference to the Court's denial of counsel was unknown to

5

trial court. The denial of counsel was a constitutional error and would have prevented the judgment. See, *Smith v. Jones*, 256 F.3d 1135 (11th Cir. 2001).

While the Sixth Amendment guarantees that an accused in a criminal prosecution has a right to counsel. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), this right and its attendant benefits may be waived, provided that the waiver is voluntary and constitutes a "knowingly and intelligent relinquishment or abandonment of a known right or privilege." *Edwards v. Arizona*, 451 U.S. 477, 482, 101 S.Ct. 1880, 1884, 68 L.Ed.2d 378 (1981); *North Carolina v. Butler*, 441 U.S. 369, 374-75, 99 S.Ct. 1755, 1757-58, 60 L.Ed.2d 286 (1979); *Fitzpatrick v. Wainwright*, 800 F.2d 1057, 1063 (11th Cir.1986). Moreover, the burden is on the State to prove a valid waiver of counsel. *Carnley v. Cochran*, 369 U.S. 506, 514-15, 82 S.Ct. 884, 889-90, 8 L.Ed.2d 70 (1985).

In the instant case, the State Court, and the Respondents have argued procedural default and have failed to address Petitioner's claim as to denial of counsel, nor a knowingly and intelligent relinquishment or abandonment of a known right or privilege. Moreover, prior to appeal on first Rule 32 postconviction petition, Petitioner did not raise denial of counsel at the trial court, and raised it for the first time on appeal.

6

The Alabama Supreme Court has held that it will not consider arguments raised for the first time on appeal, rather the Court's review is restricted to evidence and arguments considered by trial court. **Andrews v. Merritt Oil Co., Inc.,** 612 So.2d 409 **(Ala.1992).** Moreover, an issue that is raised for the first time in a reply brief will not be considered. **Davenport v. Hood,** 814 **So.2d 268.** In reference to Petitioner's appeal on his first Rule 32, the Alabama Court of Criminal Appeals held: "Whitfield's claim of failure to properly advise him regarding waiver and appointment of counsel cannot be considered because he raised it for the first time on appeal and the record clearly reflects that his waiver of the right to counsel was voluntary." See, **Arthur Lee Whitfield v. State**, CR-04-0181.

In the instant case, there is no evidence and arguments on record considered by the trial court as to Whitfield's waiver of counsel. The appellate court clearly held that Petitioner's waiver and appointment of counsel was raised for the first time on appeal. Where the appellate court's review on appeal is restricted to evidence and arguments by trial court, Petitioner's waiver has not been addressed on its merits, and the trial court and appellate court were without authority to consider such claim on the merits. Where the particular claim of denial of counsel was not addressed in previous petition on the merits, Petitioner has not procedurally defaulted under the theory of successive

petition. See, *Blount v. State*, 572 So.2d 498 (Ala.Crim.App.1990); *Ex parte Walker*, 800 So.2d 135 (Ala.2000).

"The constitutional right to counsel, or waiver thereof, is an essential jurisdictional prerequisite to the authority to convict and accused, and conviction without safeguard is void." Unless a defendant has or waives assistance of counsel, the Sixth Amendment is a jurisdictional bar to a valid conviction and sentence. *Coughlin v. State*, 842 So.2d 30, 33 (Ala.Crim.App. 2002), citing, *Johnson v. Zerbust*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

In the instant case, failure of the Respondents' to refute Petitioner's claim as to denial of counsel, the trial and conviction exceeded the authority and jurisdiction of that court and is void. To permit such conviction in denial of counsel is the cause and prejudice or the fundamental miscarriage of justice exception is established. *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). In addition, where Petitioner's conviction and sentence exceed the authority and jurisdiction of that court, raise serious questions of the legality of the conviction and sentence. See, *Ex parte Brannon*, 547 So.2d 68, 68 (Ala.1989). The Alabama Supreme Court held that, "when a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review. *Exparte Peterson*, 466 So.2d 984 (Ala.1984). Lack of jurisdiction to render judgment or impose

8

sentence is not precluded as ground for remedy under rule of postconviction relief, even though question of jurisdiction could have been, but was not, raised at trial or on appeal. See, *Ware v. State*, *565 So.2d 1173 (Ala.Cr.App.1990)*.

## CONCLUSION

Based upon the foregoing facts and laws, Petitioner has taken full advantage of all his available state court remedies, exhausting such remedies, which foreclose any procedural default allowing federal habeas relief, allowing this Court to address Petitioner's claim on the merits.

Respectfully submitted,

*Arthur Lee Whitfield 158061*
**ARTHUR LEE WHITFIELD #158061**

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2007, I have served a copy of the foregoing Response upon Hon. John M. Porter, Assistant Attorney General, by placing same in U.S. Postal Box at Limestone Correctional Facility, postage prepaid, first class and properly addressed.

*Arthur Lee Whitfield 158061*
**ARTHUR LEE WHITFIELD #158061**



ARTHUR LEE WHITFIELD #158061
LIMESTONE CORRECTIONAL FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749-7009

LEGAL MAIL
CORRESPONDENCE

This correspondence is forwarded from an Alabama State prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed correspondence.

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711

36101+0711

HUNTSVILLE AL