IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ARTHUR LEE WHITFIELD, #158061, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:07cv39-WHA-CSC |
| | ) | (WO) |
| | ) | |
| BILLY MITCHEM, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

On January 8, 2007, Arthur Lee Whitfield, a state inmate, submitted a 28 U.S.C. § 2254 petition for habeas corpus relief.  (Doc. No. 1, p. 7.)  In his petition, Whitfield challenges his conviction for unlawful distribution of a controlled substance entered against him by the Circuit Court of Houston County, Alabama.  Whitfield was sentenced to twenty-five years' imprisonment.

Appellate counsel filed a "no merit" brief in substantial compliance with *Anders v. California*, 386 U.S. 738 (1967).  Whitfield subsequently filed a pro se brief asserting the following claims:

(1)  The indictment was fatally defective because it did not include an allegation that he "knowingly" distributed a controlled substance.

(2)  The trial court erred in refusing to consider two pretrial motions to dismiss, which included a void indictment claim.

    (3)    The trial court committed reversible error by failing to inform him that he could withdraw his waiver of right to counsel and request the appointment of an attorney at any stage of the proceedings.

    (4)    The trial court committed "plain error" by instructing the jury that he chose not to testify when he did not request such an instruction.

(Respondent's Ex. A, p. 2.)  On April 22, 2005, the Alabama Court of Criminal Appeals affirmed Whitfield's conviction in a memorandum opinion. (Respondent's Ex. A.)  On May 11, 2005, the Alabama Court of Criminal Appeals issued its certificate of judgment.  (State's Ex. B.)  Whitfield did not file a petition for writ of certiorari to the Alabama Supreme Court.

Whitfield filed a state post-conviction petition pursuant to Ala. R. CRIM. P. 32 on May 5, 2005, arguing that the trial court was without jurisdiction to render judgment because he did not knowingly and intelligently waive his right to counsel.  (Respondent's Ex. C, p. 2.)  The Houston County Circuit Court summarily dismissed the state post-conviction petition.  On September 22, 2006, the Alabama Court of Criminal Appeals affirmed the dismissal, holding that the issue was precluded pursuant to Ala. R. CRIM. P. 32.2(a)(4) because the claim was raised and addressed on direct appeal.  (Respondent's Ex. C.)  The Alabama Court of Criminal Appeals issued its certificate of judgment on December 7, 2005.  (Respondent's Ex. E.)

Whitfield filed a second state post-conviction petition on November 22, 2005.  The Houston County Circuit Court subsequently dismissed the petition.  On appeal, the Alabama Court of Criminal Appeals dismissed Whitfied's appeal, specifically finding that the

petitioner's request to proceed in formal pauperis was denied and that Whitfield had not paid the filing fee. (Respondent's Ex. F.) The state appellate court issued its certificate of judgment on May 3, 2006. (Respondent's Ex. G.)

Whitfield filed a third state post-conviction petition on March 27, 2006, arguing that the trial court was without jurisdiction because the record failed to establish that he knowingly and intelligently waived his right to counsel. The Houston County Circuit Court summarily dismissed the state post-conviction petition. On September 22, 2006, the Alabama Court of Criminal Appeals affirmed the trial court's dismissal, holding that the claim was precluded pursuant to Ala. R. CRIM. P. 32.2(a)(3) and (4) because the claim could have been, but was not, raised at trial and because it was raised and addressed on direct appeal. (Respondent's Ex. H.) The Alabama Supreme Court denied Whitfield's petition for writ of certiorari and issued a certificate of judgment on December 8, 2006. (Respondent's Exhs. I & J.)

Whitfield filed a 28 U.S.C. § 2254 petition on January 8, 2007, in which he asserts that the trial court erred in allowing him to proceed *pro se* without ascertaining on the record that he knowingly and voluntarily waived his right to counsel. (Doc. No. 1, p. 5.) The respondents filed an answer pursuant to the order of this court in which they contend that Whitfield's claim for federal habeas relief is procedurally defaulted as Whitfield failed to present his claim to the state courts in accordance with the state's procedural rules. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-845 (1999); *Brownlee v. Haley*, 306 F.3d 1043,

1065 (11th Cir. 2002); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir. 2000); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). In support of this argument, the respondents maintain Whitfield did not present the pending federal habeas claim to the highest state court on direct appeal of his conviction. *See O'Sullivan v. Boerckel*, 526 U.S. at 845 ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary.). *See also Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) ("Nothing in *Boerckel's* reasoning suggests that a different rule should apply in state post-conviction appeals as opposed to direct appeals."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted); *Smith v. Jones*, 256 F.3d at 1140 ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule."); *Brownlee v. Haley*, 306 F.3d 1043 at 1065; *Holladay v. Haley*, 209 F.3d at 1254 n. 9; *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). In light of the foregoing, it is clear that Whitfield's claim that the trial court erred in allowing him to proceed pro se without ascertaining on the record that he knowingly and intelligently waived

counsel is procedurally defaulted because Whitfield failed to present this claim to the state's highest court in the appropriate proceeding.

The court entered an order advising Whitfield of his procedural defaults and allowing him an opportunity to file a response. (Doc. No. 8.) Whitfield filed nothing in response to this order. Upon review of the habeas petition, the answer of the respondents and the record in this case, including the opinions issued by the state courts, the court finds that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that the petition is due to be denied.

## II. DISCUSSION

The claim presented by Whitfield in his petition for habeas corpus relief is procedurally defaulted as Whitfield failed to present his contention to the state court in accordance with the State's applicable procedural rules. *O'Sullivan*, 526 U.S. at 844-845; *Henderson*, 353 F.3d at 891; *Pruitt*, 348 F.3d at 1359. This court may reach the merits of Whitfield's procedurally defaulted claim "only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default. *See Murray v. Carrier,* 477 U.S. 478, 485, 106 S. Ct. 2639, 2644, 91 L. Ed. 2d 397 (1986); [*Wainwright v.*] *Sykes*, 433 U.S. [72,] 87 [(1977)]. . . . Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96, 106 S.Ct. at 2678.

A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id.*" *Henderson*, 353 F.3d at 892.

### A. Cause and Prejudice

> "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir.1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id.*; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir.2002).

*Henderson*, 353 F.3d at 892. Whitfield alleges neither cause nor prejudice for his defaults.

Based on the foregoing, the court concludes that Whitfield has failed to demonstrate the existence of cause for the failure to present his federal habeas claims to the state courts in compliance with applicable procedural rules and has likewise presented nothing which establishes the existence of actual prejudice arising from infringement of federal law. Nevertheless, this court may still reach the merits of Whitfield's procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

### B. Fundamental Miscarriage of Justice

The miscarriage of justice standard is directly linked to actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a

petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup v. Delo*, *supra*. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him..'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup*, 513 U.S. at 327-28). "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims." 547 U.S. at 537, 126 S.Ct. at 2077. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324.

 Whitfield fails to make the requisite showing of actual innocence as he has presented

no "new reliable evidence" nor do his allegations suggest that any such evidence exists which could satisfy the stringent standard set forth in *Schlup*. Consequently, Whitfield's procedurally defaulted claim is foreclosed from federal habeas review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Arthur Lee Whitfield be denied and that this case be dismissed with prejudice. It is further

ORDERED that **on or before September 24, 2008**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

Done this 11th day of September, 2008.

                                                  /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE